UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JERRY LEE HOPKINS,**

    Petitioner,

v.                                                         Case No. 8:15-cv-183-T-35AAS

**SECRETARY, DEPARTMENT
OF CORRECTIONS,** *et al.*,

    Respondent.
_____/

## O R D E R

This cause comes before the Court on Petitioner Hopkins's petition for the writ of habeas corpus under 28 U.S.C. § 2254, the limited response, and Hopkins's reply. (Docs. 1, 9, and 14) Upon consideration of the papers and in accordance with the *Rules Governing Section 2254 Cases in the United States District Courts*, it is **ORDERED** that the petition is timely and that the Respondent must respond to the grounds for relief:

Hopkins petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for first degree murder, attempted robbery, and burglary, for which he is imprisoned for life without the possibility of parole. As directed in an earlier Order (Doc. 6), the Respondent filed a limited response — restricted to whether the petition is timely — and supported the response with the state court record. (Doc. 9) In reply Hopkins argues that, based on the record provided by the

respondent, the petition is timely. The linchpin to the petition's timeliness is Hopkins's having sought review on *certiorari* on the direct appeal.

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Hopkins's convictions and sentences were affirmed on direct appeal on May 15, 2008, rehearing was denied. (Respondent's Exhibits 5 and 7) Under Supreme Court Rule 13, Hopkins had ninety days to petition for the writ of *certiorari*, and under 28 U.S.C. § 2244(d)(1)(A), Hopkins's limitation did not begin until the conviction became "final." A conviction becomes "final" on direct appeal upon expiration of the later of (1) when the ninety days to seek review on *certiorari*, (2) when review on *certiorari* is denied, or (3) when review on *certiorari* is complete. *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002); *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002). As a consequence, Hopkins's conviction would become final and the limitation would begin on August 13, 2008 (ninety days after the denial of rehearing), absent the filing of a petition for the writ of *certiorari*.

On July 30, 2008 (approximately two weeks before the ninety-day deadline), Hopkins filed a petition for the writ of *certiorari*. (Respondent's Exhibit 9) On August 27, 2008 (approximately two weeks after the deadline), the Clerk for the Supreme Court returned Hopkins's papers for failing to contain a proper appendix. (Respondent's Exhibit 10) On September 12, 2008 (approximately two weeks after the papers were rejected), Hopkins re-submitted his petition for the writ of *certiorari*. (Respondent's Exhibit 11) The Respondent chose not "to file a response to the petition" for *certiorari* review. (Respondent's Exhibit 12) On November 3, 2008, the Supreme Court denied review on *certiorari*. (Respondent's Exhibit 13)

The Respondent argues that the limitation began on August 13, 2008 (ninety days after the denial of rehearing), because the initial petition for the writ of *certiorari* was rejected as not complying with the Court's rules and the subsequent petition that was accepted by the Supreme Court was filed after the ninety-day deadline. As a consequence, the Respondent's calculation of untimeliness omits the Supreme Court's subsequent *certiorari* review. Hopkins argues that the limitation began after the denial of *certiorari*. If the Respondent is correct, the pending petition under Section 2254 is untimely, but if Hopkins is correct, the pending petition under Section 2254 is timely.

The present dilemma is resolved by *Gonzalez v. Thaler*, 565 U.S. 134, 151 (2012), which explains that when a conviction becomes final — and the limitation begins — depends on whether there is a review on *certiorari*.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review" — when this Court affirms a conviction on the merits or denies a petition for *certiorari*. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" — when the time for pursuing direct review in this Court, or in state court, expires.

Hopkins attempted *certiorari* review before expiration of the ninety days, and he succeeded to obtaining *certiorari* review even though review was based on papers that were filed after the ninety days. Under *Gonzalez*, Hopkins's judgment became "final" when the Supreme Court denied *certiorari* review. As a consequence, Hopkins's petition under Section 2254 is timely, and the Respondent must address the merits of the grounds for relief or otherwise respond to the petition.

Accordingly, Hopkins's petition under Section 2254 is timely. Not later than **MONDAY, MARCH 26, 2018**, the Respondent must respond to the petition. Hopkins may reply to the response within **TWENTY-EIGHT (28) DAYS**. The **CLERK** is directed to **ADMINISTRATIVELY CLOSE** this case, which will be re-opened when briefing is complete.

**DONE AND ORDERED** in Tampa, Florida, this 15th day of February, 2018.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE